CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 16, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **CHARLES RYAN HORNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:26cv482** |
| **v.** | ) | |
| | ) | |
| **TONI MCFADDEN, et al.,** | ) | |
| | ) | **By: Hon. Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

**MEMORANDUM OPINION**

Charles R. Horne, a Virginia inmate proceeding *pro se*, filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that the defendant threatened his son's life, but no one will discuss the issue with him or investigate. This matter is before me for preliminary screening pursuant to 28 U.S.C. § 1915A(a).  Having reviewed the complaint, I will dismiss the claims because Horne has failed to state a claim upon which relief may be granted.

Section 1983 provides a cause of action against a state actor who, acting under color of state law, violates the constitutional rights of another.  42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017).  To state a valid claim, a plaintiff must allege facts that show plausible entitlement to relief; legal conclusions, formulaic recitations of the elements of a cause of action, and conclusory statements are not sufficient.  *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

Though Horne names seven defendants in his Complaint, he only makes specific allegations against one, Sheriff Tony McFaddin. Horne alleges that the Sheriff had previously killed Horne's grandfather, "told Horne "he was gonna kill [Horne's] son," and told investigators not to assist." Dkt. 1. Horne states that "nobody will speak to [him]," including the Sheriff. Horne asks the court to alert the news and imprison or fire the various defendants.

Horne's Complaint is subject to summary dismissal. Horne does not have a constitutional right to the investigation of a reported crime. *Muhammad v. Fleming*, No. 7:17-CV-00481, 2025 WL 2779306, at *17 (W.D. Va. Sept. 30, 2025) (noting "the failure to investigate [alleged harassment and threats from a correctional officer] is not an independent basis for liability under § 1983"). Likewise, Horne, as, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Williams v. Commonwealth's Att'y Off.*, No. 7:19-CV-00312, 2020 WL 411699, at *2 (W.D. Va. Jan. 24, 2020) ("[Plaintiff] has no legally significant interest in the criminal investigation or prosecution of the individuals who he claims committed crimes against him. Consequently, his claims based on the defendants' failure to investigate or prosecute those individuals do not give rise to any cognizable claim under § 1983."). Accordingly, Horne's allegations that his rights have been violated by defendants' failure to investigate certain crimes, as well as charge and imprison the defendants must be dismissed. Further, Horne's claim that the Sheriff threatened his son's life does not state a claim under § 1983. "Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 Fed. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)).

Thus, the court will dismiss this action under § 1915A(b) for failure to state a claim.

Entered: July 16, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

2